# Exhibit C

# DrinkerBiddle&Reath LLP

William M. McSwain
215-988-2775 Direct
215-988-2757 Fax
william.mcswain@dbr.com

Law Offices

One Logan Square, Ste. 2000
Philadelphia, PA
19103-6996

215-988-2700 phone
215-988-2757 fax
www.drinkerbiddle.com

CALIFORNIA
DELAWARE
ILLINOIS
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON DC
WISCONSIN

Established 1849

July 21, 2015

**VIA E-MAIL**

Assistant U.S. Attorney Michael S. McGarry
Assistant U.S. Attorney John H. Durham
U.S. Attorney's Office for the District of Connecticut
157 Church Street, 23rd Floor
New Haven, CT  06510

  Re: *United States of America v. Lillemoe, et al.*, No. 3:15-cr-25(JCH)

Dear Mike and John:

  Thank you for your recent supplemental production, as well as your correspondence dated July 10, 2015 regarding your list of identified GSM transactions and the defendants' requests for *Brady* material. I appreciate your continued production of documents, as well as Ms. Konarski's timely action in addressing technology issues with respect to the production of electronically stored information. Below are a few follow-up issues that need to be addressed. All defense counsel join in this letter.

  While we appreciate your submission of the list of GSM transactions, the list is a lot bigger than we anticipated. Instead of providing 8-10 transactions – which is the number you told us and the Court during the June 3rd hearing that you would provide – you have listed 33 transactions, or nearly four times the number you said you would. Both the defendants and the Court relied on your representations when crafting the case schedule, including the trial date and the anticipated length of trial. You can't just quadruple the number of transactions without any explanation. You also haven't given us any indication as to why you picked those 33 transactions or why they are supposedly relevant. Moreover, it appears that about half of the transactions on your list use GSM numbers for Archer Daniels Midland (ADM) deals, so it's unclear why these are on your list at all. Some of the problems with your list can probably be addressed in a follow-up phone conference, which we would like to have this week. But we're not sure how to solve the problem of your quadrupling the number of transactions you said you would provide. If you insist on that inflated number, we may have to bring the issue to Judge Hall's attention and get her views.

  Regarding your comments on our *Brady* and *Giglio* requests, we disagree with your overly narrow interpretation of what constitutes the prosecution team. The prosecution team cannot be just those individuals who work at the U.S. Attorney's Office, which is what parts of your letter seem to suggest (although your letter is somewhat vague on this point). Instead, we think you have a responsibility to search the

81732033.1

DrinkerBiddle&Reath
 L L P

Assistant U.S. Attorneys Michael S. McGarry and John H. Durham
July 21, 2015
Page 2

files of other agencies or branches of government if they are closely aligned with the prosecution or have a close working relationship with it. *See, e.g., U.S. v. Hankins*, 872 F. Supp. 170, 172 (D.N.J. 1995) (observing that "[c]ourts nationwide have held that prosecutors have an affirmative duty to search files maintained by different branches of government 'closely aligned with the prosecutor' in order to fulfill their *Brady* obligations") (quoting *United States v. Fairman*, 769 F.2d 386, 391 (7th Cir. 1985)). Here, the prosecution is obviously "closely aligned" with the USDA, which should be considered part of the prosecution team, given the way the investigation unfolded and the documents that have been produced thus far. You appear to acknowledge this point when explaining that Peter Bonner, the General Counsel of the USDA, will be involved in collecting *Brady* materials.

We can discuss with you in more detail some of the possible searches (or even specific search terms) that Mr. Bonner might employ while searching for documents. We would do this in the spirit of cooperation, but this would not relieve you of your independent obligation to seek out and produce all *Brady* and *Giglio* materials without our help. Additionally, as part of our discussions, we need more clarity from you about whose files you plan to search and what you plan to look for. We have provided you with a list of 32 government custodians and 19 specific categories of information. Your letter cherry picks a few things from these two lists but doesn't address them in any thorough manner, so it's not possible for us to tell what you plan to do, or not do. Again, a follow-up call this week would help to move things along.

Your letter characterizes some of our requests as "boilerplate," and seems to take issue with our reference to, among other things, the U.S. Attorney's Manual ("USAM") and the Ogden Memo. Our so-called "boilerplate" requests – for example, footnote 3 of my letter that refers to various benefits that witnesses may have received – are straight from the Ogden Memo. Regardless of whether the USAM or other similar documents create any enforceable rights, we assume, as we think the Court would assume, that you will follow the USAM and the Ogden Memo and will err on the side of caution when searching for *Brady* and *Giglio* materials and considering our requests.

Finally, we agree with you that we are free to serve trial subpoenas on various individuals and entities if we believe that there exists evidence that will support our theories of the case and that we would like to acquire in preparing our defenses. But that does not substitute for thorough *Brady* and *Giglio* disclosures from the government. Given the complexity of this case and the large volume of documents, we plan to serve trial subpoenas that will have return dates well in advance of trial. We think this will greatly assist in the efficient administration of the case. Please let us know if you have any objection to this procedure.

**DrinkerBiddle&Reath**
<sub>L L P</sub>

Assistant U.S. Attorneys Michael S. McGarry and John H. Durham
July 21, 2015
Page 3

As noted above, we would like to schedule a phone conference for this week. We're generally available Wednesday to Friday, but would prefer towards the middle of the day. Please let me know what works for you.

Very truly yours,

*William M. McSwain /mb*

William M. McSwain

cc: Douglas M. Tween, Esq. (via email)
Ann C. Flannery, Esq. (via e-mail)
Elizabeth A. Latif (via email)