## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 3:15-CR-25 (JCH)** |
| | : | |
| | : | |
| **BRETT C. LILLEMOE, et al.** | : | February 27, 2016 |

### SARAH ZIRBES' MOTION
### TO COMPEL PRODUCTION OF UNREDACTED USDA MATERIALS AND
### TO REQUIRE DISCLOSURE CONCERNING "OTHER TRANSACTIONS" EVIDENCE

Defendant Sarah Zirbes, by counsel, moves this Honorable Court (1) to compel the

production of *Brady* materials, specifically unredacted USDA documents; and (2) to compel the

government to proffer the reason(s) for and produce evidence relevant to its professed intention

at trial to "discuss or draw evidence from" GSM transactions not involving the defendants'

companies.  In support of this motion, Ms. Zirbes states as follows:

      1.      **Motion to Compel the Production of Brady Materials**

Ms. Zirbes joins in Mr. Lillemoe's *Motion for an Order Directing Government to Search*

*for and Produce Brady Material* (Doc. 86).  In his Motion and Memorandum in Support, Mr.

Lillemoe proposes that the government be compelled to review all redactions in the USDA

materials and produce any *Brady* or *Giglio* material contained therein.  An alternative remedy,

which Ms. Zirbes, by counsel, respectfully proposes, would be simply to require the government

to remove the redactions from the USDA material and produce all the documents in their

entirety.

Defendants have ascertained that *Brady* material exists in certain redactions and is likely

to exist in others, as detailed in Mr. Lillemoe's Memorandum.  The redactions were not made by

the prosecution team, who appear not even to know the basis for the redactions.  The USDA

apparently redacted the documents for reasons that might appropriately apply to a FOIA

production or other civil matter, but not to a criminal case, where (as discussed in Mr. Lillemoe's

Memorandum) defendants' right to exculpatory material is paramount.

The Court entered a Protective Order to ensure that documents produced for purposes of

this criminal case will not be used elsewhere.   Consequently, the USDA retains the ability to

assert any privilege or withhold any document or portion thereof in any other setting or context.

There is no reason for these redactions to be made in this criminal case.  The redactions prevent

the defendants from full view and use of documents which constitute *Brady* or *Giglio* materials.

Given the delays already occasioned by the gathering of relevant materials at the USDA

combined with the protection the Court has accorded the documents produced in this criminal

case, requiring the government to produce of all the materials in their entirety would be an

expeditious and appropriate remedy.

**2.      Motion to Compel Disclosure Concerning Unrelated Transactions**

In Argument Section II of the *Memorandum of Law in Support of Pablo Calderon's*

*Motion for Disclosure of Specific <u>Brady</u> Material and for Bill of Particulars* (Doc. 87 at p. 17 *et*

*seq*.), Mr. Calderon details the Court's June 3, 2015 instruction that the government identify the

GSM transactions upon which it intends to rely at trial, beyond the two in the indictment.  As

discussed by Mr. Calderon, the government then provided the defense with a list of 33 additional

transactions – ***15 of which are not transactions of the defendants or their companies.***

There is nothing in the indictment that references GSM transactions involving companies

other than the defendants'.  When providing its list of additional transactions, the government

provided no explanation for the inclusion of transactions not involving the defendants, nor has the government provided an explanation in response to numerous subsequent defense inquiries.

As noted by Mr. Calderon, the government has not produced discovery necessary to understand and evaluate any evidence that might be proffered in relation to these 15 transactions, whatever its intended purpose.   Indeed, the government declined to search for or produce any USDA files or documents that do not pertain directly to the defendants or their companies.  *See Letter from W. McSwain to M. McGarry and J. Durham, August 4, 2015,* attached as Exhibit C to Mr. Lillemoe's Motion (Doc. 86)(*e.g.,* #9  on p. 5 and #17 on p. 7).

Unless and until the government discloses its reason for listing these transactions, Ms. Zirbes cannot evaluate the legal propriety of introducing this evidence against her, object if appropriate, or adequately prepare for trial.   Potentially relevant pre-trial motions and/or motions *in limine* cannot be evaluated.  And, without production of evidence pertaining to these transactions, Ms. Zirbes cannot adequately prepare for trial.

If the government intends to introduce evidence at trial concerning other companies' transactions, the government should be compelled to provide forthwith (1) a proffer of the purported relevance of this evidence; and (2) discovery related to these transactions, including complete USDA files concerning the transactions.[1]

---

[1] Mr. Calderon frames his request for information about the unrelated transactions as a request for a Bill of Particulars.  Ms. Zirbes joins in this request.  Additionally and alternatively, Ms. Zirbes submits that the Court can and should direct the government to provide this information and related discovery as just and appropriate relief under Fed.R.Crim.P. 16(d)(1) and/or 16(d)(2)(D), as well as the Court's general authority to ensure that trials are conducted in a fair, orderly and expeditious manner.

**CONCLUSION**

For these reasons, and those stated in Mr. Lillemoe's Memorandum (Doc. 86) and Mr.

Calderon's discussion concerning a Bill of Particulars (Doc. 87, Memorandum at 17 *et seq.*), Ms.

Zirbes respectfully requests that the Court grant her motion to compel production of *Brady*

materials, specifically unredacted USDA documents, and to compel the government to proffer

the reason(s) for and produce evidence relevant to any transactions on which it intends to

introduce evidence at trial that do not involve the defendants or their companies.

Respectfully submitted,


/s/_____

ANN C. FLANNERY
Bar #phv07316
Law Offices of Ann C. Flannery, LLC
1835 Market Street, Suite 2700
Philadelphia, PA 19103
215.636.9002
acf@annflannerylaw.com
Attorney for Defendant Sarah Zirbes

CERTIFICATE OF SERVICE

I, Ann C. Flannery, counsel for defendant Sarah Zirbes, hereby certify that on this 29th day of February 2016, I caused a true and correct copy of the foregoing **MOTION TO COMPEL PRODUCTION OF UNREDACTED USDA MATERIALS AND TO REQUIRE DISCLOSURE CONCERNING "OTHER TRANSACTIONS" EVIDENCE** to be served through the Court's electronic filing system on all counsel of record.  Additionally, on the 27th day of February 2016, I caused the foregoing Motion to be served directly by email on counsel of record including:

>       Michael S. McGarry
>       Assistant United States Attorney
>       U.S. Attorney's Office-NH
>       157 Church St., 25th floor
>       New Haven, CT 06510
>       Michael.McGarry@usdoj.gov
>
>                and
>
>       John H. Durham
>       U.S. Attorney's Office -NH
>       157 Church St., 23rd floor
>       New Haven, CT 06510
>       john.durham@usdoj.gov

>                               /s/ _____
>                               ANN C. FLANNERY
>                               Bar # phv07316
>                               Law Offices of Ann C. Flannery, LLC
>                               1835 Market Street, Suite 2700
>                               Philadelphia, PA 19103
>                               215.636.9002
>                               acf@annflannerylaw.com